United States District Court
For the Northern District of California

*E-Filed 7/2/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE N. BETETA, | No. C 09-5325 RS (PR) |
| Petitioner, | **SECOND ORDER TO SHOW CAUSE**; |
| v. | **VACATING IN PART PREVIOUS ORDER TO SHOW CAUSE;** |
| KEN CLARK, Warden, | |
| Respondent. | **SETTING NEW FILING SCHEDULE** |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. Petitioner moves to amend his petition (Docket No. 13) under Federal Rule of Civil Procedure 15(a), which permits a party to amend his pleading once before being served with a responsive pleading. As respondent has not filed a responsive pleading, petitioner's motion is GRANTED. The Court will now review the amended petition pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

//

//

//

## BACKGROUND

According to the petition, petitioner was convicted in 2008 of first degree murder, and was sentenced to life in prison without the possibility of parole.  Seeking to overturn the conviction, petitioner sought, though was denied, relief on direct and collateral state review.  This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that (1) erroneous admission of impermissibly suggestive identification denied petitioner his right to due process and a fair trial; (2) there was insufficient evidence that petitioner committed the murder; (3) the trial judge committed misconduct and was biased; (4) appellate counsel rendered ineffective assistance in violation of the Sixth Amendment; (5) the trial court violated his right to due process by admitting evidence of petitioner's alleged gang affiliation.  Liberally construed, these claims appear to be cognizable in a federal habeas action.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//
//
//
//

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The first order to show cause (Docket No. 7) is VACATED, save for its grant of *in forma pauperis* status to petitioner.

9. This order terminates Docket No. 13.

**IT IS SO ORDERED**.

DATED: July 1, 2010

_____
RICHARD SEEBORG
United States District Judge