*E-Filed 7/18/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOSE BETETA,

    Petitioner,

    v.

KEN CLARK, Warden,

    Respondent.

                                   /

No. C 09-05325 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2008, an Alameda County Superior Court jury found petitioner guilty of first degree murder with a special circumstance finding that the killing was committed in the course of a robbery. Consequent to the verdict, petitioner was sentenced to a term of life in state prison without the possibility of parole. Petitioner filed the instant federal habeas action after he was denied relief on state judicial review.

Evidence presented at trial shows that in 2004, petitioner, accompanied by two others, shot and killed victim Mohammed Sharif in the course of robbing Sharif's van. Sharif and petitioner knew each other prior to the shooting as both had adjacent booths at the San Jose flea market. After the shooting, a police officer found Sharif bleeding from his abdomen. When she asked him the name of the shooter, he replied, "Jose," and stated further that he knew Jose from work. Another police officer, who subsequently arrived, recorded Sharif stating that Jose, "his friend," shot him. Petitioner's accomplice, Sanders Rivera, testified against him at trial, and identified him as the person who orchestrated the crime. (Ans., Ex. 6 at 2–4.)

As grounds for federal habeas relief, petitioner alleges that (1) the erroneous admission of impermissibly suggestive identification denied petitioner his right to due process and a fair trial; (2) there was insufficient evidence that petitioner committed the murder; (3) the trial judge committed misconduct and was biased; (4) appellate counsel rendered ineffective assistance in violation of the Sixth Amendment; and (5) the trial court violated his right to due process by admitting evidence of petitioner's alleged gang affiliation.

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

### I.   Admission of Identification Evidence

Petitioner claims that the admission of the "impermissibly suggestive" identification testimony of eyewitness Anthony Henderson likely led to a misidentification of petitioner as the perpetrator, thereby depriving him of a fair trial. (Pet. at 1.)[1] The state appellate court did not rule on this claim in its written opinion. The relevant facts are as follows. Henderson told police that the shooter had been wearing grey sweats. (Ans., Ex. 2, Vol. 2 at 709.) At the preliminary hearing, Henderson identified petitioner's co-defendant, Sanders Rivera, as the shooter, Ans., Ex. 6 at 3. He also testified at that proceeding that he could not identify a suspect in the photographic lineup police showed him a few days after the shooting, *id.*, Ex. 2, Vol. 2 at 736, and that the shooter wore dark sweats and was taller than the other man, who was wearing grey sweats, *id.* at 743. At trial, Henderson admitted that he was confused

---

[1] Though this is in fact the first amended petition, it will be referred to as the petition.

1 at the preliminary hearing, and had mixed up the colors the suspects were wearing.
2 Henderson further testified at trial that the shooter was wearing grey sweats, *id.* at 706, and
3 that he and prosecutor had discussed his testimony earlier that day, *id.* at 708–09.

4     Petitioner's claim is essentially that the numerous and significant inconsistencies
5 between Henderson's testimony at the preliminary hearing and at trial make it so unreliable
6 as to be prejudicial. Case law does not support petitioner's contention. A jury's credibility
7 determinations are entitled to near-total deference. *Jackson v. Virginia*, 443 U.S. 307, 326
8 (1979)). If confronted by a record that supports conflicting inferences, a federal habeas court
9 "must presume — even if it does not affirmatively appear on the record — that the trier of
10 fact resolved any such conflicts in favor of the prosecution, and must defer to that
11 resolution." *Id.* Here, the jury heard Henderson admit and discuss the differences between
12 his testimony at the two proceedings, including the fact that he was unable to identify a
13 suspect from the photographic lineup. From the fact that the jury found petitioner guilty, the
14 Court must presume that the jury resolved any conflicts in the evidence in the prosecution's
15 favor. Accordingly, petitioner's claim is DENIED because he has failed to show that there
16 was "no reasonable basis for the state court to deny relief," *Harrington v. Richter*, 131 S. Ct.
17 770, 784 (2011), that is, he has not shown that the state court's decision was contrary to, or
18 involved an unreasonable application of, clearly established Supreme Court precedent.

19 **II.   Sufficiency of the Evidence**

20     Petitioner claims that there was insufficient evidence to support the jury's finding that
21 he was the shooter, and bases his claim on the unreliability of the fingerprint evidence. (Pet.
22 at 4.) The state appellate court did not rule on this claim in its written opinion.

23     A fingerprint investigator testified at trial that she had found petitioner's fingerprints
24 on Sharif's van. (Ans., Ex. 2, Vol. 5 at 1047–48.) Petitioner faults this evidence because,
25 according to the investigator's testimony, (1) only two prints out of the twenty-three sets
26 taken from the van matched petitioner, (2) the fingerprint investigator never received a
27 diagram indicating where on the van petitioner's fingerprints were found, (3) only a portion

1   of Rivera's and Sharif's fingerprints were found on the van, (4) many of the twenty-three sets
2   of prints were of poor quality, and (5) petitioner's fingerprints were found only on the
3   passenger side of the van, while Rivera's were found on the passenger's and driver's side.
4   (Pet. at 4.) Petitioner also asserts that the presence of his fingerprints on Sharif's van can be
5   innocently explained by the fact that petitioner and Sharif "had done business together" in
6   the months before the shooting. (*Id.* at 5.)

7       A federal court reviewing collaterally a state court conviction does not determine
8   whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *Payne v.*
9   *Borg*, 982 F.2d 335, 338 (9th Cir. 1992). The federal court "determines only whether, 'after
10  viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
11  could have found the essential elements of the crime beyond a reasonable doubt.'" *See id.*
12  (quoting *Jackson*, 443 U.S. at 319). Only if no rational trier of fact could have found proof
13  of guilt beyond a reasonable doubt, may the writ be granted. *See Jackson*, 443 U.S. at 324.

14      Petitioner's claim cannot succeed. First, the possible faults in the fingerprint evidence
15  were presented to the jury through the testimony of the fingerprint investigator. The jury,
16  then, was able to take into consideration these possible faults, and, as the subsequent
17  conviction makes clear, resolved those objections in favor of the prosecution. Second,
18  considering the weight of the other evidence presented at trial, petitioner has been unable to
19  demonstrate prejudice. In addition to the fingerprint evidence, petitioner's co-defendant,
20  Rivera, testified at trial that (1) several days before the murder, petitioner called him to say
21  that he was planning a robbery, (2) petitioner picked up Rivera and a third man ("Sad Boy")
22  on the day of the shooting and drove to a flea market where petitioner checked on the person
23  he was intending to rob, (3) the trio ran into the back of the victim's van, forcing it to stop,
24  (4) he saw petitioner search the van and heard the victim say, "Jose, why are you doing this?"
25  (5) after hearing a gunshot, he turned around to see petitioner holding a gun, and (6) he saw
26  petitioner shoot the victim three times. (Ans., Ex. 6 at 5–7.) Also, Sharif's declarations that
27  petitioner was the person who shot him were presented through the testimony of officers, *id.*,
28

1 Ex. 2, Vol. 2 at 650, 664, 675–77, 679–80, 810–11 & 1061). On a record of such strong and
2 weighty evidence, petitioner's claim is DENIED because he has failed to show that there was
3 "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he
4 has not shown that the state court's decision was contrary to, or involved an unreasonable
5 application of, clearly established Supreme Court precedent.

### III.  Alleged Judicial Bias and Misconduct

Petitioner claims that his right to due process was violated because the trial judge committed misconduct and was biased. (Pet. at 6.) Evidence of bias can be demonstrated, according to petitioner, by the trial court's numerous evidentiary and procedural rulings in favor of the prosecution. (*Id.*)

Petitioner's claim cannot succeed. First, petitioner's allegations are conclusory. He simply lists the defense motions the trial court denied. He makes no showing that these rulings were contrary to law, or erroneous, or based on bias or favoritism. Second, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 556 (1994). Because of the insufficiencies of the allegations and evidence, petitioner's claim is DENIED because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

### IV.  Assistance of Appellate Counsel

Petitioner claims that appellate counsel rendered ineffective assistance by not raising claims I–III listed above. (Pet. at 8.) Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989). A defendant therefore must show that counsel's advice fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. *See id.* at 1434 n.9 (citing *Strickland*, 466 U.S. at 688, 694).

It is important to note that appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *See Jones v. Barnes*, 463 U.S. 745, 751–54 (1983). The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. *See Miller*, 882 F.2d at 1434. Appellate counsel therefore will frequently remain above an objective standard of competence and have caused his client no prejudice for the same reason — because he declined to raise a weak issue. *Ibid.* "There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review. This has assumed a greater importance in an era when oral argument is strictly limited in most courts — often to as little as 15 minutes — and when page limits on briefs are widely imposed." *Barnes*, 463 U.S. at 752–53.

Petitioner's claim is without merit. Because claims I–III, as explained above, are not viable, appellate counsel cannot have rendered ineffective assistance by failing to raise them. As those claims are lacking, petitioner cannot show a reasonable possibility that but for appellate counsel's actions, the outcome of the proceeding would have been different. Accordingly, petitioner's claim is DENIED because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

## V.   Admission of Gang Evidence

Petitioner claims that the trial court violated his right to due process when it admitted evidence of his gang membership. (Pet. at 10.) The trial court instructed the jury that the evidence was being offered only for the limited purposes of evaluating Rivera's credibility, specifically why he would have agreed to commit a crime with petitioner though he had known him for only a short time. (Ans., Ex. 6 at 5; Ex. 2, Vol. 4 at 917–18.) The state appellate court rejected petitioner's federal due process claim on grounds that there were permissible inferences the jury could draw from the evidence, and the court instructed the

jury on permissible uses of the evidence:

> Here, the permissible inference for the jurors to draw from the gang evidence was that [petitioner] and Rivera had a relationship that went beyond that of casual acquaintances. The gang evidence introduced was limited in scope and purpose. Further, the jury was properly instructed on permissible and impermissible uses of this evidence.

(Ans., Ex. 6 at 10.)

The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process. *See Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999). The Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). In order to obtain habeas relief on the basis of an evidentiary error, a petitioner must show that the error was one of constitutional dimension and that it was not harmless under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). He would have to show that the error had "'a substantial and injurious effect' on the verdict." *Dillard v. Roe*, 244 F.3d 758, 767 n.7 (9th Cir. 2001) (quoting *Brecht*, 507 U.S. at 623). Also, significantly, habeas relief may be granted only if there are no permissible inferences that the jury may draw from the evidence. *See Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991).

Petitioner's claim cannot succeed for several reasons. First, the jury could draw the permissible inference from the gang associations of petitioner and Rivera that the latter was motivated to commit a crime with petitioner in spite of having known him for only a short time. Such a permissible inference is directly relevant to the jury's evaluation of Rivera's credibility. Second, any harmful effects of the evidence were addressed by the court's instruction that the evidence was to be used for one limited purpose. Jurors are presumed to follow the instructions they receive. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Third, even if the jury misused the evidence as indicative of propensity, no remediable constitutional violation occurred. The United States Supreme Court has left open the

question of whether admission of propensity evidence violates due process. *Estelle v. McGuire*, 502 U.S. 62, 75 n. 5 (1991). Because the Supreme Court has reserved this issue as an "open question," the Ninth Circuit has held that a petitioner's due process right concerning the admission of propensity evidence is not clearly established for purposes of review under AEDPA. *Alberni v. McDaniel*, 458 F.3d 860, 866–67 (9th Cir. 2006). Fourth, petitioner has not shown prejudice as the evidence against him was extensive. Rivera testified to petitioner's involvement, petitioner's fingerprints were found on the victim's van, witnesses testified as to reasons petitioner would rob Sharif, and witnesses testified that Sharif's dying declaration was that petitioner was the perpetrator. Accordingly, petitioner's claim is DENIED because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011), that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

## CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**


1    DATED: July 18, 2011

                                  RICHARD SEEBORG  
                                  United States District Judge